IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORTH AMERICAN SPECIALTY
FLOORING, INC. dba OSST USA,
JBA MANAGEMENT SERVICES, LLC,
MARK BEZIK, and PAUL ROEDER,

                 OPINION and ORDER

            Plaintiffs,

   v.                                    22-cv-244-jdp

HUMANE MANUFACTURING
COMPANY, LLC.,

            Defendant.

---

The court granted judgment on the pleadings in favor of defendant Humane Manufacturing Company, LLC, on plaintiffs' breach of contract claim. Dkt. 21. Humane now seeks to recover its attorney fees and costs under a fee-shifting provision in the parties' contract. Humane initially sought a total of $114,473.92 in fees and costs. But in response to plaintiffs' opposition to its motion, Humane voluntarily reduced its request to a total of $85,410.85, comprising $80,791 in attorney fees, $1,631 in travel expenses, and $2,988.85 in transcript costs.

Plaintiffs don't object to Humane's costs, but they dispute Humane's request for attorney fees and ask the court to offset Humane's fee award by an additional $4,437, the amount plaintiffs incurred responding to Humane's initial unreasonable billing record submission.

The court concludes that the amount that Humane requests for its local counsel's fees is reasonable. But the court will reduce Humane's award because it did not adequately support its request for fees for its national counsel. The billing records that Humane submitted for its

national counsel contain unexplained redactions and do not comply with the court's requirements, making it impossible for the court to assess the reasonableness of many of the billing entries. The court will approve a total of $60,701.10 in attorney fees. The court will also award the agreed-upon amounts in expenses and costs.

## ANALYSIS

Humane moves for an award of attorney's fees under a fee-shifting provision of its written agreement with the plaintiffs that gave rise to plaintiffs' claims for breach of contract. The fee-shifting provision of the parties' agreement provides as follows:

> The prevailing Party in any litigation or arbitration relating to this Agreement will be entitled to recover its reasonable attorneys' fees and costs from the other Party; provided, however, that nothing herein will require the adjudicator to determine that either Party is the prevailing Party. The right to receive "reasonable attorneys' fees and costs" and the amount of said "reasonable attorneys' fees and costs" will be determined by the adjudicator in the litigation or arbitration proceeding.

Dkt. 26-1, ¶ 9. Plaintiffs brought their claims under Wisconsin law, which allows a prevailing party in a contract action to recover attorney fees when the parties' contract expressly allows recovery. *Falk v. Droegkamp Sales & Serv., Inc.*, 2011 WI App 136, ¶ 8, 337 Wis. 2d 427, 805 N.W.2d 734. The starting place for determining reasonable attorney fees is the lodestar method, which multiples the reasonable number of hours spent on litigation by a reasonable hourly rate. *Am. Total Sec., Inc. v. Geneva Schultz Living Tr.*, 2007 WI App 1, ¶ 24, 298 Wis. 2d 248, 726 N.W.2d 357.[1] This court requires a party seeking fees to identify a reasonable number

---

[1] Neither party addresses whether state or federal law governs the court's analysis of the reasonableness of the fees, but the court need not dwell on this point because federal law also uses the lodestar method as a starting point for reasonableness analysis. *Divane v. Krull Elec.*

2

of hours worked and a reasonable hourly rate (supported by affidavits about the reasonableness of both) and to provide contemporaneous logs with separate entries for hours spent on specific tasks. Dkt. 11 (preliminary pretrial packet at 39).

Plaintiffs agree that Humane is entitled to reasonable fees and costs under the fee-shifting provision, and the parties agree about some parts of Humane's request for fees and costs. Specifically, the parties agree that Humane is entitled to the $2,988.85 in costs for deposition transcripts that Humane seeks in its bill of costs and a total of $1,631 in travel expenses for Humane's attorneys to attend the depositions. Plaintiffs also agree that Humane is entitled to $9,570 in attorney fees for the time its local counsel, Richard Bolton, billed for his work on Humane's answer, counterclaim, motion for judgment on the pleadings, and subsequent reply. But plaintiffs challenge the remaining fees incurred by local counsel and all fees incurred by Humane's national counsel.

Plaintiffs raise different issues in their challenge to national counsel's fees than they do for local counsel's fees, so the court will address those requests separately.

A. **Local counsel**

Humane requests a total of $22,526.50 for attorney fees for work done by Bolton and Kim Crowell, a paralegal from his firm. This amount reflects a $4,000 reduction that Humane agreed to make in response to plaintiffs' opposition brief. Plaintiffs don't contend that either Bolton's or Corwell's hourly rate was unreasonable, and they concede that Humane is entitled to $9,570 for the 29 hours Bolton billed for work not related to discovery.

---

*Co.*, 319 F.3d 307, 318 (7th Cir. 2003).

Plaintiffs object that Humane should not be allowed to recover the remaining fees it incurred related to discovery because Humane did not move for judgment on the pleadings as soon as it could have. Billing records show that Bolton spent 48.8 on hours of work related to document discovery, six depositions, and preparation of Humane's fee petition and that Crowell spent 3.1 hours on work related to document productions. Plaintiffs do not challenge the reasonableness of the amount of time Bolton or Crowell spent on these discovery-related tasks. Instead, they contend that it was unreasonable for Humane to incur attorney fees for discovery because it filed its motion based on the plain language of the parties' contract approximately seven months after it answered the complaint. Plaintiffs contend that "the lengthy delay in filing the motion was the product of, at best, poor or inattentive planning, and at worst, some sort of gamesmanship," for which Humane should not be rewarded. Dkt. 29, at 8. Plaintiffs contend that if Humane had filed its motion sooner, the parties could have deferred discovery until after the court ruled on the motion and avoided the attorney fees incurred in taking discovery.

A party "may not unnecessarily run up its legal bill in the expectation that the breaching party will ultimately pick up the entire tab." *Aspen Servs., Inc. v. IT Corp.*, 220 Wis. 2d 491, 499, 583 N.W.2d 849, 853 (Ct. App. 1998) (quoting *Fidelity and Deposit Co. v. Krebs Engineers*, 859 F.2d 501, 506 (7th Cir.1988)). Humane chose to file its motion in lieu of a motion for summary judgment. Dkt. 32, at 2. Humane's motion was based on the plain language of the parties' contract, so it could have filed its motion sooner. With the benefit of the court's ruling on Humane's motion, plaintiffs argue that it was obvious that if Humane filed its motion earlier the parties would have avoided at least some of the cost of discovery.

4

But the fact that the parties could have saved attorney fees if they had acted differently does not mean that it was unreasonable for Humane to incur fees and expenses conducting discovery. Regardless of when Humane filed its motion, the parties would have needed to make strategic decisions about whether to incur attorney fees in a case that might be resolved by a pending dispositive motion. The parties could not know when the court would rule on the motion, even if Humane had filed it instead of an answer. Plaintiffs could have ended the case sooner (and avoided discovery fees and expenses) by choosing not to oppose Humane's motion. Plaintiffs did oppose the motion, however, and actively conducted discovery, taking four of the six depositions. It was not unreasonable for Humane to conduct in discovery while its motion was pending. And there is no indication that Humane drove up costs during discovery because it expected the court to rule in its favor. The court will not exclude attorney fees related to discovery from Humane's fee award because Humane did not file its motion sooner.

The court concludes that a total of $22,526.50 is a reasonable fee for the work of Humane's local counsel.

**B.  National counsel**

Plaintiffs object that Humane should not be awarded any attorney fees for its national counsel, Leo Law Firm, because Humane did not comply with this court's requirement to support its request for fees with contemporaneous billing records with separate entries for the hours spent on specific tasks.

Humane initially supported its request for $80,222 in attorney fees billed by Leo Law with a declaration from attorney Brian Richardson that redacted all the narrative descriptions of the work he and his firm colleagues had done. The redactions made it impossible for plaintiffs or the court to evaluate the reasonableness of those fees. When plaintiffs pointed out

5

this problem, Humane submitted an updated declaration with most of the redactions removed and voluntarily reduced its request by a total of $21,957.50. The court denied plaintiffs' motion to strike the second declaration, but the court allowed the plaintiffs to file a surreply to respond and told the parties that it would consider adjusting any fee award to account for the extra work prompted by Humane's unreasonable presentation of its fee petition. Dkt. 36.

Plaintiffs now contend that Humane should not be awarded any of the fees it requests for its national counsel because Richardson's second declaration also fails to comply with this court's requirements for fee petitions. Specifically, plaintiffs assert that the billing records Humane submitted with Richardson's second declaration have block-billed entries, which combine multiple tasks in the same billing entry without identifying how much time was spent on each task, and that some entries are partially redacted or contain vague descriptions that prevent plaintiffs from assessing the reasonableness of the fees for those entries. Plaintiffs also ask the court to reduce Humane's fee award by $4,437, the amount that plaintiffs assert they incurred in fees for time spent "responding to Humane's fee petition and the unreasonable and inadequate materials Humane supplied to support it." Dkt. 37, at 8.

The court agrees that the combination of redactions and block billing in the Leo Law billing records submitted with Richardson's second declaration make it difficult, and in some cases impossible, to assess the reasonableness of many entries. Humane does not clearly explain why it included the redactions that remain in Leo Law's billing records, which include partial redactions of some narrative descriptions and full redactions of some entries. Humane said in its reply brief that it was resubmitting the billing records "without redaction, except as to time entries deemed to disclose privileged information." Dkt. 31, at 4. But Humane submitted an updated reply brief the next day, which said that the redacted entries were "deemed to be

6

unrelated." Dkt. 32, at 4. Richardson's second declaration does not specify why Humane made any particular redaction or explain whether or how the full redactions of certain entries affected the total requested fees. Dkt. 34, ¶ 4. The court assumes that the full redactions are those entries that Humane deemed to be unrelated, but it is not clear what justification Humane could have for the partial redactions.

The court is unable to assess the reasonableness of the numerous entries with redactions and with block billing. The redactions make it unclear whether a certain task was related to this litigation, or if the amount of time spent on a partially described task was reasonable. The problem created by the redactions is exacerbated by Leo Law's use of block billing, since it is not clear from the entries what portion of the time is associated with the redacted entry. One entry that plaintiffs highlight is particularly illustrative, as shown in the image below:



Dkt. 34-1, at 28. "Meeting with Diane Hendricks, Brent Fox, and Aaron Walsh with local counsel to prepare for upcoming depositions" is plainly relevant to this case, but it's impossible to tell from this entry what portion of the 12.2 hours for this entry was spent on the meeting. And it is not clear that work concerning "King Arthur termination" or "signing agreements" is related to this litigation. As for the unredacted block-billed entries, it is possible to assess whether the tasks relate to this litigation but not whether the amount of time spent on individual tasks is reasonable.

Even though the combination of redactions and block billing prevents the court from assessing the reasonableness of some of the entries in Leo Law's billing records, the court will not deny Humane's request for national counsel fees in its entirety. As plaintiffs acknowledge, there are entries without redactions that contain a single task relevant to this litigation. In addition, plaintiffs sought to recover $2.7 million in their lawsuit, so Humane's fee request is not disproportionate to the amount that was at issue in this case. For these reasons, a fee award for work done by Leo Law is appropriate. But the court will reduce Humane's requested award because of the deficiencies in Humane's supporting documentation.

Plaintiffs do not propose a specific reduction to national counsel's fees, which means the court must determine what reduction is appropriate. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Humane voluntarily reduced its request by $20,000 in response to plaintiffs' opposition, which is said it was doing "in the exercise of billing judgment." Dkt. 32, at 4. To be clear, Humane's $20,000 reduction is not an exercise in billing judgment. Attorneys exercise billing judgment when they review time entries prior to billing a client to eliminate redundancy and inefficiency to ensure that the bill reflects the reasonable value of the work. Humane's voluntary reduction was simply a compromise made in response to plaintiffs' objections to its fee request. That reduction was approximately 25 percent of the total fees that Leo Law incurred in this case. Approximately 30 percent of Leo Law's fees are associated with entries that have partial redactions, so the court will reduce the fee award for Leo Law's work by an additional five percent, which amounts to $3,913.23. The court will also reduce Humane's award for its failure to provide separate entries for specific tasks but will not completely exclude all blocked billed entries because the billing records show that Humane paid Leo Law for at

least some of the block-billed work. The court concludes that an additional 15 percent reduction for the unredacted block billed entries is appropriate, which amounts to $11,739.67.

The court will also offset Humane's fee award to account for the extra work prompted by defendant's unreasonable presentation of its fee petition. Plaintiffs assert that they incurred $4,437 in fees for 4.2 hours spent on their motion to strike Richardson's second declaration and 6.1 hours spent on their surreply. The court concludes that this is not an unreasonable amount of time to spend on plaintiffs' responses, considering the initial unreasonable presentation of the Leo Law billing records and redactions that remain in the second submission of the records. So the court will further reduce Humane's award by $4,437.

In sum, the court will reduce Humane's request for attorney fees for its national counsel by $20,089.90.

CONCLUSION

The court will award Humane $22,526.50 in attorney fees for its local counsel and $38,174.60 for its national counsel, for a total of $60,701.10 in attorney fees. The court will also award $2,988.85 in costs under Rule 54 and $1,631 in expenses under the parties' agreement.

ORDER

IT IS ORDERED that defendant Humane Manufacturing Company, LLC's motion for fees and costs, Dkt. 26, is GRANTED in part. Humane is awarded $2,9885 in costs under

Rule 54 and $62,332.10 in fees and expenses under the fee shifting provision of the parties' contract.

Entered March 20, 2024.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge